

**SIGNED this 04 day of August, 2006.**

                                                              _____
                                                                            R. Thomas Stinnett
                                                              **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:                                                                                  No. 03-15724
                                                                                            Ch. 7
JIMMY A. GAULT,

        Debtor.

C. KENNETH STILL, Trustee,

        Plaintiff,

v.                                                                                      Adv. Proc. No. 05-1050

JIMMY A. GAULT,

        Defendant.

### MEMORANDUM

        In this chapter 7 case, the trustee filed this proceeding to revoke the debtor's discharge. The debtor is not represented and has not made an appearance. The court denied the trustee's motion for default judgment and dismissed the complaint. This memorandum deals with the trustee's motion to vacate the dismissal.

The following is a chronology of events in the debtor's bankruptcy case and this adversary proceeding up to the trustee's filing of the motion to set aside the dismissal order.

August 25, 2003
> The debtor, Jimmy A. Gault, files his bankruptcy case under chapter 7 of the bankruptcy code. The meeting of creditors is set for September 29, 2003.

September 29, 2003
> The meeting of creditors is postponed until October 27, 2003.

October 27, 2003
> At the meeting of creditors, the debtor reveals his transfer of real property located in Montana; neither the property nor the transfer is included in the bankruptcy schedules.

November 14, 2003
> The bankruptcy trustee files a motion to extend the time to file a complaint objecting to discharge.

December 17, 2003
> The court enters an order extending the complaint deadline to January 12, 2004.

January 12, 2004
> The time for filing a complaint to deny the debtor's discharge expires without the filing of a complaint by the trustee or any other interested party.

March 11, 2004
> The court grants the debtor a discharge.

March 13, 2004
> The certificate of service of the discharge order is docketed.

February 7, 2005
> The next event in the debtor's bankruptcy case is the trustee's filing of a motion for examination of the debtor under bankruptcy rule 2004. Fed. R. Bankr. P. 2004.

March 7, 2005

> The motion for a rule 2004 examination is heard, and it is announced that an agreed order will be submitted.

March 10, 2005

> The bankruptcy trustee commences this adversary proceeding by filing the complaint to revoke the debtor's discharge. The complaint alleges:
>
>> 5. The . . . debtor's petition . . . failed to disclose a certain pre-petition transfer of real property located in the State of Montana and failed to provide for exemption of any assets received from such sale.
>>
>> 6. The debtor received a discharge on March 11, 2004. . . . [T]he conduct of the debtor arises to the level of fraud due to his failure to list the real estate asset in his bankruptcy petition as it relates to the pre-petition transfer of said real property. Further, that subsequent to discovery of the pre-petition transfer, the debtor has failed to cooperate with the Trustee, provide books, records, closing statements or other information related to the pre-petition transfer of said real property.
>>
>> 7. The . . . discharge of the debtor should be revoked pursuant to 11 U.S.C. Section 727(d)(2) and pursuant to 11 U.S.C. Section 727(e)(2).

March 11, 2005

> The clerk's office dockets the issuance of a summons to be served on the debtor.

March 18, 2005

> The clerk's office dockets a certificate of service of the summons on the debtor's attorney by first class mail.

January 6, 2006

> The next docket event in this adversary proceeding is the court's *sua sponte* order for the trustee to appear and show cause why the complaint should not be dismissed for failure to prosecute. The motion is set for hearing on February 6, 2006.

3

January 13, 2006
> The trustee files a motion for a default judgment revoking the debtor's discharge.

February 6, 2006
> During the show cause hearing, the court points out that a default judgment cannot be entered without proof of valid service of process on the debtor. The hearing is continued to February 21, 2006.

February 20, 2006
> The trustee files a motion to extend the time to effectuate service on the debtor.

February 21, 2006
> The show cause hearing is continued again to April 17, 2006.

February 24, 2006
> The trustee withdraws the motion for a default judgment.

March 7, 2006
> The clerk issues a summons for service on the debtor.

March 8, 2006
> The clerk's office dockets a certificate of service of the summons on the debtor by first class mail.

March 17, 2006
> The court enters an order extending the time to effectuate service on the debtor through April 21, 2006.

April 17 & 18, 2006
> The court cancels the hearing on the show cause order.

April 19, 2006
> The trustee files another motion for default judgment.

June 19 & 20, 2006
> The court holds a hearing on the motion for default judgment and enters two orders, one denying the motion for default judgment and another dismissing the complaint.

June 29, 2006
> The trustee files the motion to vacate the order dismissing the adversary proceeding.

## DISCUSSION

As grounds for revoking the debtor's discharge, the complaint relied on § 727(d)(2). Section 727(d) provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if —
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section.

11 U.S.C. § 727(d) (2004).

Before the court entered the discharge, the trustee knew the debtor had failed to schedule the transfer, and the debtor had already failed to provide the trustee with information about the property. The trustee obtained an extension of time to file a complaint to deny the discharge under § 727(a), but instead of filing a complaint before the new deadline, the trustee waited until after the discharge was entered and filed a complaint to revoke the discharge under § 727(d)(2). 11 U.S.C. § 727(a)(2), (3), (4) & (d)(2) (2004).

5

Section 727(d)(2) applies when the debtor acquires property of the bankruptcy estate or becomes entitled to acquire property that would be property of the bankruptcy estate. The bankruptcy estate came into existence when the debtor filed his bankruptcy case. 11 U.S.C. §§ 301 & 541(a). The complaint alleges that the debtor disposed of his interest in the real property before he filed bankruptcy – before there was a bankruptcy estate. Thus, the complaint does not allege that the debtor acquired any property of the bankruptcy estate or became entitled to property that would be property of the bankruptcy estate.

At least, this is true if "acquire" is given its usual meaning. It means "to come into" possession, control, or a power of dispostion. *Webster's Third New International Dictionary (Unabridged)* 18 (1981); *see also Ballantine's Law Dictionary* 16 (3rd ed. 1969); *Black's Law Dictionary* 23 (5th ed. 1979). In other words, "acquire" means gaining something new, not holding on to something already owned. When a debtor conceals pre-petition property to keep it out of the bankruptcy process, he does not necessarily gain or acquire anything new; he only avoids losing what he already had.

The problem in this case is failure to disclose a pre-bankruptcy transfer and failure to provide information to the trustee. That is not exactly the same as concealing property owned at the time of filing, but it is similar enough that the court will not attempt to distinguish it.

"Acquire" might be given a broader meaning so that a concealment of pre-petition property would amount to acquiring property of the bankruptcy estate under § 727(d)(2). The theory is that the property becomes part of the bankruptcy estate despite its concealment, and the debtor acquires the property from the bankruptcy estate by

concealing it. 11 U.S.C. § 541(a); *Rezin v. Barr (In re Barr)*, 207 B.R. 168 (Bankr. N. D. Ill. 1997). This broad interpretation of "acquire" creates some problems of statutory interpretation.

First, it undercuts the intended operation of § 727(d)(1). Concealing pre-petition property is the classic example of obtaining a discharge by fraud within the meaning of § 727(d)(1). 6 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 727.15[2] (15th ed. revised 2006). On the other hand, concealing pre-petition property does not fit easily within § 727(d)(2) as acquiring or becoming entitled to property of the bankruptcy estate, but there can be advantages to relying on § 727(d)(2). Section 727(d)(1) is subject to some additional limits. It applies only if the plaintiff did not learn of the fraud before the discharge was entered. 11 U.S.C. § 727(d)(1) (2004). *But see* 6 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 727.15[4] footnote 13 (citing cases imposing the same limit) (15th ed. revised 2006). A complaint under § 727(d)(1) must be filed within one year after the discharge, but a complaint under § 727(d)(2) must be within *the later* of one year after the discharge or the time the case is closed. 11 U.S.C. § 727(e) (2004); 11 U.S.C. § 350(a); Fed. R. Bankr. P. 5009. Interpreting § 727(d)(2) to include concealment of pre-petition property will make the limits on § 727(d)(1) practically meaningless. This problem leads the court to conclude that § 727(d)(2) was not intended to overlap § 727(d)(1) and should not overlap it when the wrong committed by the debtor was concealment of pre-petition property.

Section 727(d)(2) contains other language that supports this conclusion. Section 727(d)(2) applies when the debtor fails to report the acquisition of property of the bankruptcy estate or the entitlement to property that would be property of the bankruptcy

estate. This wording appears to assume a duty to report that did not arise until after the debtor filed his bankruptcy petition. On the other hand, the debtor had a duty to report pre-petition property when he filed his bankruptcy petition. 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007–1009. Of course, the debtor has a continuing duty to report pre-petition property that was omitted from the schedules at the beginning of the case. *United States Trustee v. Eppers (In re Eppers)*, 311 B.R. 826 (Bankr. D. N. M. 2004). A continued failure to report unscheduled pre-petition property, however, does not easily fit within the concept of acquiring property of the bankruptcy estate or an entitlement to property that would be property of the bankruptcy estate.

Congress made concealment of pre-petition property a ground for denying discharge, and it could have used similar language to make concealment of pre-petition property a ground for revoking discharge. 11 U.S.C. § 727(a)(2). But Congress chose other language that deals with the acquiring property of the bankruptcy estate or an entitlement to property that would be property of the bankruptcy estate. For example, suppose the debtor inherits property within 180 days after filing his bankruptcy petition. Section 541(a)(5) brings the inheritance into the bankruptcy estate even though the debtor had no interest in the property when he filed bankruptcy and the bankruptcy estate was created. 11 U.S.C. § 541(a)(5)(A). If the debtor fails to report the inheritance or his entitlement to it, then § 727(d)(2) will apply. When Congress chose the wording of § 727(d)(2), it apparently made an intentional distinction between ordinary concealment of pre-petition property and concealment of new property or entitlements that arose post-petition.

In this regard, § 727(d)(2) may apply when the debtor receives proceeds or income from the concealed property after bankruptcy. 11 U.S.C. § 541(a)(6); *Surowiak*

8

*Electric, Inc. v. Sylvia (In re Sylvia)*, 214 B.R. 437 (Bankr. D. Conn. 1997); *Grossman v. Foster (In re Foster)*, 343 B.R. 385(Bankr. D. Mass. 2006). When the bankrupt debtor receives income or proceeds from concealed pre-petition property, the debtor gains something new after filing bankruptcy, and § 727(d)(2) can apply without making a strained interpretation of "acquire." Of course, this interpretation of § 727(d)(2) narrows the distinction between it and § 727(d)(1) for cases involving the debtor's concealment of pre-petition property. Even if the distinction is narrow, it still needs to be made. It prevents the overlap of § 727(d)(1) and § 727(d)(2) from negating the additional limits that apply to § 727(d)(1), and it makes more sense of the wording of § 727(d)(2).

When the distinction is applied to the trustee's complaint in this proceeding, the complaint fails to allege that the debtor acquired anything during the bankruptcy case within the meaning of § 727(d)(2). The complaint only alleges the debtor's continued concealment of the pre-petition transfer of the property. As a result, the court could not grant the trustee a default judgment under § 727(d)(2) because the complaint failed to state a claim upon which relief could be granted under that provision. *See, e.g., Moore v. United Kingdom*, 384 F.3d 1079 (9th Cir. 2004); *In re Taylor*, 289 B.R. 379 (Bankr. N. D. Ind. 2003).

The court also could not interpret the complaint as coming under the other parts of § 727(d)(1) or (d)(3). The allegations did not fit under § 727(d)(3). 11 U.S.C. § 727(d)(3) (2004). The fraud allegations might have been used under § 727(d)(1), but it applies only if the trustee did not know of the fraud before the debtor received the discharge. 11 U.S.C. § 727(d)(1) (2004). The trustee and his lawyer may have reasonably concluded that meeting this requirement would be difficult. *Humphreys v. Stedham (In re*

9

*Stedham)*, 327 B.R. 889 (Bankr. W. D. Tenn. 2005). Furthermore, the brief in support of the trustee's motion for default judgment mentioned only § 727(d)(2). The court concluded that the complaint was not intended to and did not attempt to state a claim under § 727(d)(1).

The court denied the trustee's motion for default judgment and dismissed the complaint. The trustee might argue that he was not warned of the possible dismissal, and the record does not reveal any written warning from the court, but the court had voiced its doubts about the complaint at an earlier hearing.

The trustee's motion to revoke the order dismissing the complaint is based on a change in the alleged facts. The trustee now alleges that the debtor transferred the property after he filed bankruptcy. In other words, the debtor transferred property of the bankruptcy estate. If the complaint is amended to make this allegation, it still will not state a claim under § 727(d)(2). Transferring property of the bankruptcy estate is not the same as acquiring or becoming entitled to acquire property of the bankruptcy estate. When a debtor fails to schedule property that came into the bankruptcy estate and then transfers it, the debtor's discharge can probably be denied under § 727(d)(1) on the ground that the debtor obtained it by fraud. If the debtor receives something in return for the post-petition transfer of the property, § 727(d)(2) may apply. Receiving the payment or becoming entitled to receive it may come within the meaning of "acquire" in § 727(d)(2), as pointed out earlier. The complaint does not allege, however, that the debtor received or became entitled to receive any payment or other consideration in return for the transfer.

The trustee's attorney stated in court that the debtor's attorney lost contact with the debtor, and the trustee had trouble finding the debtor to pursue an investigation of the property and the debtor's actions. The motion to vacate states that the trustee

obtained the new information about the transfer with the aid of another trustee. The problem of the disappearing or uncooperative debtor does not occur often in consumer no-asset cases, but it is not unusual. The law gives the trustee powers that can be used to compel the debtor's cooperation or to avoid prejudice to creditors if the debtor cannot be found or will not cooperate. 11 U.S.C. § 707(a) & § 727(a); Fed. R. Bankr. P. 4004(b), (c). The trustee has the problem of deciding on the most effective and cost-effective procedure. The trustee's course of action suggests that he has been more interested in the unscheduled property than whether the debtor's discharge should be denied. The debtor revealed the transfer at the meeting of creditors, but the trustee did not file a complaint to deny the discharge and did not file the complaint to revoke the discharge until more than sixteen months after the meeting. Furthermore, the court notes that the trustee may still be able to avoid the transfer. 11 U.S.C. §§ 549, 546 & 550. Finally, if the trustee can state a claim for revocation of discharge under § 727(d)(2), the time for filing a complaint will not expire until the bankruptcy case is closed, and it can be held open for the possible administration of unscheduled property if the trustee requests it.

Rule 60(b)(2) allows the court to set aside the order of dismissal on the basis of newly discovered evidence, but it must be newly discovered evidence that would make a difference to the outcome. *Good v. Ohio Edison Co.*, 149 F.3d 413 (6th Cir. 1998). The trustee's discovery that the property was transferred during the bankruptcy case makes no difference. The complaint still fails to state a claim for denial of the debtor's discharge under § 727(d)(2). The court will enter an order denying the motion to vacate the order of dismissal.

# # #